UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| I SAY I SAY I SAY, LLC | CIVIL ACTION |
| VERSUS | NO. 23-5116 |
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT | SECTION: D (3) |

### ORDER and REASONS

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss, filed by The Automobile Insurance Company of Hartford, Connecticut ("Defendant").[1] I Say I Say I Say, LLC ("Plaintiff") opposes the Motion,[2] and Defendant has filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, and for the reasons stated in Plaintiff's Opposition brief, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of property damages sustained on August 29, 2021 by properties located at 1226-1228 Magazine Street in New Orleans, Louisiana as a result of Hurricane Ida. Plaintiff alleges that at the time of the hurricane, Pamela McNeely Blackburn was the sole owner of the properties, and that she had an insurance policy issued by Defendant, which provided coverage for losses resulting from property damage caused by, among other things, hurricanes, hail, wind, and water.[4] Plaintiff asserts that Blackburn reported the loss to Defendant, that Defendant assigned it a claim number, and that Defendant inspected the property

---

[1] R. Doc. 13.
[2] R. Doc. 16.
[3] R. Doc. 20.
[4] R. Doc. 1-3 at ¶ 3.

and grossly underreported the damage.[5] Plaintiff claims that on February 28, 2023, it purchased the properties from Blackburn, and that Blackburn assigned to Plaintiff any and all rights to claims arising out of damages sustained by the properties and/or under the subject insurance policy as a result of Hurricane Ida.[6] Plaintiff alleges that Defendant has failed to tender adequate insurance proceeds following the Hurricane Ida claim and, as a result, Plaintiff filed this suit on or about July 21, 2023, asserting breach of contract and bad faith claims against Defendant.[7]

Defendant removed the matter to this Court on September 7, 2023, on the basis of diversity jurisdiction, 29 U.S.C. § 1332,[8] and filed the instant Motion to Dismiss two months later.[9] Defendant asserts that Plaintiff has failed to state a plausible claim against it because the parties lack contractual privity.[10] Defendant claims that the Act of Cash Sale entered into between Plaintiff and Blackburn only assigns to Plaintiff the rights and actions of warranty, and does not purport to assign any rights or actions for breach of contract that Blackburn had or may have against her insurers.[11] Defendant further asserts that the insurance policy at issue bars Plaintiff's claims because it provides that, "Assignment of this policy will not be valid unless we give our written consent," and Defendant never consented to the assignment.[12] Thus, Defendant challenges the validity of the assignment.[13]

---

[5] *Id.* at ¶¶ 5-8.
[6] *Id.* at ¶ 13.
[7] *Id.* at ¶¶ 14 & 22-36.
[8] R. Doc. 1.
[9] R. Doc. 13.
[10] *Id.* at p. 1.
[11] R. Doc. 13-1 at pp. 2 & 3-4 (*quoting* R. Doc. 13-2).
[12] R. Doc. 13-1 at pp. 2 & 4 (*quoting* R. Doc. 13-3); R. Doc. 13-1 at p. 5.
[13] R. Doc. 13-1 at p. 4.

Defendant also asserts that neither the state court Petition nor the purported assignment of rights states that Blackburn expressly assigned to Plaintiff any extra-contractual claims, such as Plaintiff's bad faith claim.[14] As such, Defendant seeks a dismissal with prejudice of both claims.

Plaintiff opposes the Motion, asserting that it should be denied because Defendant relies upon the wrong document – the act of sale – rather than the Assignment of Rights that Plaintiff and Blackburn executed "for the ***sole*** and ***express*** purpose of assigning and then receiving any and all remaining rights, claims, causes of action, and benefits due under the policy and pursuant to Louisiana law," including extra-contractual damages.[15] Plaintiff then cites to a Louisiana Supreme Court opinion and an opinion from another Section of this Court to support its position that a post-loss assignment of an insured's rights, like the one at issue in this case, can only be barred through a clear and unambiguous anti-assignment clause in the insurance policy.[16] Plaintiff contends that the policy at issue does not contain such a clear and unambiguous clause barring post-loss assignments. Plaintiff likewise asserts that Defendant has ignored a long line of cases confirming that statutory bad faith claims against an insurer may be assigned.[17] Plaintiff contends that the

---

[14] R. Doc. 13-1 at p. 5.
[15] R. Doc. 16 at pp. 1-2 (emphasis in original).
[16] *Id*. at pp. 9-13 (quoting *In re Katrina Canal Breaches Litig.*, 2010-1823 (La. 5/10/11), 63 So.3d 955, 963-64; *Morgan v. Americas Ins. Co.*, Civ. A. No. 16-13900, 2017 WL 479528 (E.D. La. Feb. 6, 2017) (Milazzo, J.)).
[17] R. Doc. 16 at pp. 13-18 (citing *Morgan*, Civ. A. No. 16-13900, 2017 WL 479528 at *2-3; *Disaster Relief Servs. of N. Carolina, LLC v. Emps. Mut. Cas. Ins. Co.*, Civ. A. No. 07-1925, 2009 WL 935963, at *6 (W.D. La. Apr. 6, 2009) (Trimble, Jr., J.); *Steirwald v. Phoenix Ins. Co.*, Civ. A. No. 00-3256, 2001 WL 617542, at *2-3 (E.D. La. May 30, 2001) (Duval, J.); *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, Civ. A. No. 07-7965, 2009 WL 86671, at *4-5 (E.D. La. Jan. 13, 2009) (Vance, J.); *Smith v.*

assignment at issue expressly and unequivocally assigned to Plaintiff any and all rights, title, causes of action, and interest to assert any claims and collect any additional sums and benefits due under the policy and as permitted by Louisiana law, including Defendant's bad faith failure to properly and timely adjust and settle the property damage claims.[18]  As such, Plaintiff argues that it has asserted plausible claims for breach of contract and bad faith, and that the Motion to Dismiss should be denied.

In response, Defendant does not address any of the cases cited in Plaintiff's Opposition brief.[19]  Instead, Defendant maintains its position that the assignment of rights is invalid because Plaintiff and Blackburn did not obtain Defendant's written consent to the assignment.[20]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[21]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

*Citadel Ins. Co.*, 2019-00052 (La. 10/22/19), 285 So.3d 1062, 1066; *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15), 169 So.3d 328, 334).
[18] R. Doc. 16 at pp. 17-18.
[19] R. Doc. 20.
[20] *Id.*
[21] Fed. R. Civ. P. 12(b)(6).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

liable for the misconduct alleged."[23]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[24]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[25]  The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[26] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[27] Further, "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[28]  The Fifth Circuit has held that, in the context of a Rule 12(b)(6) motion, exhibits attached to the complaint "are part of the complaint 'for all purposes.'"[29] Additionally, courts can take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[30]  A court may also consider documents outside of the complaint when they are: (1) attached to the

---

[23] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).
[24] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).
[25] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[26] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[27] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[28] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).
[29] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (*citing* Fed. R. Civ. P. 10(c)).
[30] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).

motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[31]

## III. ANALYSIS

As an initial matter, the Court finds that, in determining whether to grant Defendant's Motion to Dismiss, the Court can consider matters outside of the pleadings, namely the insurance policy[32] and the Assignment of Rights executed by Blackburn and Plaintiff,[33] because they were attached to the Motion to Dismiss and the Opposition brief thereto, they were both referenced in Plaintiff's state court Petition,[34] and they are both central to Plaintiff's breach of contract and bad faith claims.[35] The Court notes that Defendant acknowledges in its Motion that the Court can consider these documents in the context of a Rule 12(b)(6) motion.[36]

The Court further finds that, because Defendant has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332,[37] this Court must apply the substantive law of the forum state, Louisiana.[38] Under Louisiana law, "All rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the

---

[31] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340-41 (5th Cir. 2011).
[32] R. Doc. 13-3.
[33] R. Doc. 16-1.
[34] *See, generally*, R. Doc. 1-3.
[35] *See, Maloney*, 456 Fed.Appx. at 340-41 (citing authority).
[36] R. Doc. 13-1 at p. 3.
[37] R. Doc. 1.
[38] *Wiley v. State Farm Fire & Cas. Co.* 585 F.3d 206, 210 (5th Cir. 2009).

debtor."[39] Louisiana law further provides that, "A right cannot be assigned when the contract from which it arises prohibits the assignment of that right."[40]

Here, while there was some confusion on Defendant's part as to which document contained the assignment of rights at issue, Defendant does not dispute in its Reply brief that Plaintiff and Blackburn executed an Assignment of Rights[41] on February 28, 2023, over a year after Hurricane Ida hit Louisiana on August 29, 2021 and caused the property damage at issue in this litigation.[42] Curiously, Defendant takes the position that the Assignment of Rights "attempts to assign all rights under the Policy and is not merely limited to post-loss claims," and, as such, the insurance policy did not need to specifically state its applicability to post-loss claims to bar the assignment at issue.[43] The Court rejects that argument as meritless. The Assignment of Rights, which was executed *after* the property was damaged by Hurricane Ida and *after* Blackburn filed an insurance claim with Defendant, clearly constitutes a post-loss assignment of rights from Blackburn to Plaintiff. The Court specifically finds that, through the Assignment of Rights, Blackburn assigned to Plaintiff "all of Assignor's right, title and interest in and to the Supplemental Hurricane Ida Claims, to the extent allowable and permitted under Louisiana law and/or under the terms of any applicable contracts/policies of insurance . . . ."[44] In fact, the Assignment of Rights specifically references the claim number assigned by

---

[39] La. Civ. Code art. 2642.
[40] La. Civ. Code art. 2653.
[41] R. Doc. 16-1.
[42] *See, generally*, R. Doc. 20.
[43] R. Doc. 20 at pp. 1-2.
[44] R. Doc. 16-1 at p. 2. *See, Id.* at pp. 2 & 3.

Defendant to Blackburn's Hurricane Ida Claim.[45]  The Court finds that, as a post-loss assignee, Plaintiff acquired the rights possessed by Blackburn at the time of the assignment, essentially stepping into Blackburn's shoes.[46]

The Court agrees with Plaintiff that the facts of this case are on all fours with those of *Morgan v. Americas Insurance Company*,[47] and suggest the same outcome is appropriate – the denial of Defendant's Motion to Dismiss.  As the *Morgan* court explained:

> With regard to post-loss assignments of insurance claims, any policy language purporting to limit such assignments must "mak[e] it clear and explicit that post-loss assignments are prohibited under the policy." This rule recognizes the inherent distinction between a post-loss assignment of claims arising under a policy, where the insurer's liability is already fixed, and an assignment of the policy itself, which might expose an insurer to more liability than it contemplated.  Put differently, "[p]ost-loss assignment of claims arising under the policy is not equivalent to the assignment of the policy itself, or an interest in the policy."[48]

The *Morgan* court further explained, and the Louisiana Supreme Court has made clear, that, "the insurer must include language making it clear and explicit that post-loss assignments are prohibited under the policy."[49]  Defendant does not address this jurisprudence, in either its Motion or its Reply brief.[50]

Both parties acknowledge that the insurance policy at issue contains an anti-assignment clause, which states that, "Assignment of this policy will not be valid

---

[45] *Id.* at p. 2.
[46] *Morgan v. Americas Ins. Co.,* Civ. A. No. 16-13900, 2018 WL 479528, at *2 (E.D. La. Feb. 6, 2017) (citing *Del-Remy Corp. v. Lafayette Ins. Co.*, 616 So.2d 231, 233 (La. App. 5 Cir. 1993)).
[47] Civ. A. No. 16-13900, 2017 WL 479528.
[48] *Morgan*, Civ. A. No. 16-13900, 2017 WL 479528 at *2 (quoting *In re Katrina Canal Breaches Litigation*, 2010-1823 (La. 5/10/11), 63 So.3d 955, 962) (internal citations to *In re Katrina* omitted).
[49] *In re Katrina*, 2010-1823, 63 So.3d at 963.
[50] *See, generally*, R. Docs. 13 & 20.

unless we give our written consent."[51] The Court finds that the insurance policy in this case, like the one in *Morgan*, does not contain any language limiting the post-loss assignment of claims. As such, the Court finds that Blackburn had the right to assign her rights relative to her Hurricane Ida claim, and that Plaintiff may step into her shoes and assert any claims that she may have relative to Defendant, including breach of contract claims.[52] In reaching this conclusion, the Court is mindful of the Louisiana Supreme Court's acknowledgment that, "Insurance is a highly regulated industry, and insurers are well aware of the distinction between pre-loss and post-loss assignments."[53] The Court is also mindful of the Louisiana Supreme Court's conclusion that, "Given the categorical difference, we find it incumbent on insurers to include clear and unambiguous language in their policies."[54] The insurance policy at issue in this case does not contain such clear, ambiguous language regarding post-loss assignments of rights. As such, the Court finds that Plaintiff has stated a plausible breach of contract claim against Defendant.

The Court likewise finds that Plaintiff has stated a plausible bad faith claim against Defendant under La. R.S. 22:1892 and 22:1973. While Defendant contends that an assignment of rights regarding claims brought under these penalty statutes must be expressly provided for in the act of assignment,[55] the case relied upon by Defendant to support its position involved an assignment of rights limited to

---

[51] R. Doc. 13-3 at p. 19, ¶ 6.
[52] *Morgan*, Civ. A. No. 16-13900, 2017 WL 479528 at *3.
[53] *In re Katrina*, 2010-1823, 63 So.3d at 963.
[54] *Id.*
[55] R. Doc. 13-1 at p. 5 (citing *Franks v. Liberty Personal Ins. Co.*, Civ. A. No. 2:22-cv-2076, 2023 WL 2309819 (W.D. La. Mar. 1, 2023) (Cain, J.)).

insurance proceeds.⁵⁶ That is distinguishable from the broad assignment of rights in this case of "all of Assignor's right, title and interest in and to the Supplemental Hurricane Ida Claims," including "all of the benefits relating to and/or arising from the Supplemental Hurricane Ida Claims."⁵⁷ Moreover, as Plaintiff points out, this Court has repeatedly held that an assignee can sue for statutory penalties under La. R.S. 22:1892 and 22:1973 based on a post-loss assignment of rights under La. Civ. Code art. 2642 and the general principal that "all rights may be assigned" except for those obligations that are strictly personal.⁵⁸ As explained by another Section of this Court, "The right to pursue damages for an insurer's failure to comply with its duties is not such a strictly personal obligation. Although the insurer's duties are owed only to the insured, 'claims for breach of [those] duties [may] be asserted by . . . someone who derives his right from the insured." ⁵⁹ Defendant did not address this

---

⁵⁶ Civ. A. No. 2:22-cv-2076, 2023 WL 2309819 at *1 & 2.
⁵⁷ R. Doc. 16-1 at p. 3.
⁵⁸ *See, Morgan v. Americas Ins. Co.*, Civ. A. No. 16-13900, 2017 WL 479528 at *3 (E.D. La. Feb. 6, 2017) ("The Court finds that assignment of bad faith claims is consistent with the general principle that 'all rights may be assigned,' as previously discussed. Indeed, the Louisiana Supreme Court has recently noted that when a plaintiff brings suit as an assignee, they have stepped into the shoes of the assignor and can bring claims as an insured.") (*quoting* La. Civ. Code art. 2642 and citing *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15), 169 So.3d 328, 335); *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, Civ. A. No. 07-7965, 2009 WL 86671, at *4-5 (E.D. La. Jan. 13, 2009) ("Because Pontchartrain's claim for bad faith damages under 22:1220 had accrued at the time of assignment, Viper may also pursue any damages *Pontchartrain* incurred form defendant's alleged violation of La. R.S. 22:1220." . . . "The right to pursue damages for an insurer's failure to comply with its duties is not such a strictly personal obligation. Although the insurer's duties are owed only to the insured, 'claims for breach of [those] duties [may] be asserted by . . . someone who derives his right from the insured.' Accordingly, the Court finds that article 2642 allowed Pontchartrain to assign any nascent causes of action under 22:1220 to Viper.") (emphasis in original) (internal citation to *Steirwald v. Phoenix Ins. Co.,* Civ. A. No. 00-3256, 2001 WL 617542, at *3 (E.D. La. May 30, 2001) (Duval, J.) omitted); *Steirwald*, Civ. A. No. 00-3256, 2001 WL 617542 at *3 ("The right to pursue damages for an insurer's bad faith failure to settle, a cause of action in the nature of contract, is not a strictly personal obligation and therefore is assignable; that suit has not been filed is irrelevant.").
⁵⁹ *Pontchartrain*, Civ. A. No. 07-7965, 2009 WL 86671 at *5 (quoting *Steirwald*, Civ. A. No. 00-3256, 2001 WL 617542 at *3).

jurisprudence in its Reply brief, nor has it argued that the right to bring bad faith claims under La. R.S. 22:1892 and 22:1973 is strictly personal.[60] The Court, finding the foregoing authority persuasive, reaches the same conclusion in this case. Louisiana Civil Code article 2642 allowed Blackburn to assign any causes of action she had under La. R.S. 22: 1892 and 22:1973 to Plaintiff, and the Assignment of Rights allowed Plaintiff to step into the shoes of Blackburn and assert those claims against Defendant. Accordingly, Plaintiff has stated a plausible bad faith claim against Defendant, and the Motion to Dismiss must be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss[61] is **DENIED**.

New Orleans, Louisiana, August 2, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[60] *See, generally*, R. Doc. 20.
[61] R. Doc. 13.